UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| PETER A. VOGT, et al )<br>)<br>PLAINTIFFS )<br>v. )<br>)<br>THE CITY COUNCIL FOR THE CITY OF )<br>NEW ALBANY, et al. )<br>)<br>DEFENDANTS ) | CAUSE NUMBER 4:06-CV-0076-JDT-WGH |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
### OF MOTION TO ENFORCE SETTLEMENT AGREEMENT

Comes the Defendant, the City Council for the City of New Albany (sic) (hereinafter "the Council"), by Counsel and submits the following Memorandum in support of its Motion to Enforce Settlement Agreement.

### I. STATEMENT OF FACTS

As documented by the Motion, the parties participated in a settlement conference with Magistrate Hussman on August 24, 2007. By the end of that conference, the parties had reached an agreement, the terms and conditions of which were set forth in the draft Consent Decree which is Exhibit "B" to the Motion. The Council subsequently approved the settlement by Resolution on October 9, 2007 and gave final reading to and adopted an Ordinance redistricting the City on November 1, 2007. The Plaintiffs are now attempting to disavow or to revoke their acceptance of that settlement agreement.

### II. ARGUMENT

As a matter of well-settled law, settlement agreements are strongly favored by both Federal and State pubic policy.  <u>Pohl v United Airlines, Inc.</u>, 110 F.Supp. 2d 829, 836 (S.D. Ind. 1999).

Settlement agreements are governed by the same general principles of contract law as any other agreement. Zimmerman v. McColley, 826 N.E.2d 71, 76 (Ind.Ct.App. 2005). It is established law that that if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party my obtain a judgment enforcing the settlement. Id.

### A.      The Parties Reached a Binding Settlement Agreement.

A settlement agreement is merely a contract between the parties to litigation and any dispute regarding the settlement agreement is governed by Indiana contract law. Natare Corp. v. Aquatic Renovation Systems, Inc., 987 F.Supp. 695, 700 (S.D. Inc. 1997).

For a settlement agreement to be created, there must be an offer, an acceptance of that offer and a meeting of the minds between the contracting parties. Pohl v. United Airlines, Inc., 110 F.Supp.2d 829, 836 (S.D. Ind. 1999). An offer is defined as "the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it. A meeting of the minds of the contracting parties, having the same intent, is essential to the formation of a contract. The intent relevant in contract matters is not the parties 'subjective intent, but their outward manifestation of it. A court does not examine the hidden intentions secreted in the heart of a person; rather, it should examine the final expression found in conduct. The intention of the parties to a contract is a factual matter to be determined from all the circumstances. Zimmerman v. McColley, 826 N.E.2d 77 (Ind.Ct.App. 2005), quoting Restatement (Second) of Contracts § 24 (1981).

Although some form of assent to the terms of the contract is necessary, the "validity of the contract is not dependent upon the signatures of the parties. Indeed, parties to a suit may reach a binding settlement agreement orally and oral settlement agreements are no different than other oral contracts. If a party transmits a clear and unambiguous settlement offer which is accepted by the

other party, the parties have reached a binding settlement agreement. In short, as long as there is evidence to show that a meeting of the minds has occurred, a signed document is not the *sine qua non* to the creation of a binding contract." Pohl, supra. (ellipsis, internal quotation marks and brackets omitted.) However, in this case, the agreement between the parties was memorialized on Plaintiff's original proposal with paragraphs stricken by the Defendant and other paragraphs added in Magistrate Hussman's own hand.

In this case, the settlement conference began with Plaintiffs' proposed consent decree. The Defendant countered by changing the deadline date of paragraph 1, striking language relating to the creation of an advisory committee and payment of attorney's fees that was not acceptable. The Plaintiffs countered with a proposal requiring that all discussions and deliberations on the issue of re-districting take place only at regular or specially called meetings of the Council, requiring this Court to retain jurisdiction to enforce the decree and payment of $5,000.00 in fees to Plaintiff's counsel. The Defendant countered offering $2,500.00 in payment of fees and Plaintiffs countered with a demand of $2,500.00 in fees and not more than $400.00 in costs. To this final proposal, the Defendant agreed. A representative of the Plaintiffs as well as their attorney publicly announced their satisfaction with the mediation efforts of Magistrate Hussman and left no doubt that the case had been settled. Council President Kochert indicated that he believed that the agreement would be acceptable to the Council as a whole and he was proven correct. Finally, Magistrate Hussman circulated a copy of the draft the next day with no objection from either party until Plaintiff's statement of position at the status conference.

There is no question that there was a meeting of the minds and it is of no significance that the summary of the terms of the settlement was not signed.

B.    **The Settlement Agreement is binding and may be enforced by this Court.**

Where the parties have reached a binding and enforceable settlement agreement, the District Court has authority to enforce the agreement. Natare Corp. v. Aquatic Renovation Systems, Inc., 987 F.Supp. 695, 700 (S.D. Inc. 1997).

In the present case, the facts show that the parties reached an agreement on August 24, 2007 after extended negotiations when the Defendant accepted the final counter-offer of the Plaintiffs subject only to the approval of the Council as whole.  This agreement resolved all of the issues raised by Plaintiffs' Compliant, i.e., it provided that the Council would observe its statutorily imposed duty to re-district the City and it agreed to pay Plaintiff's attorney's fees and costs in an amount agreed upon (presumably since he was a party to the discussion) by Plaintiff's counsel.  It was certainly justifiable for the Plaintiffs to understand that the Council's assent to the counter-offer would be a binding enforceable contract that would conclude the matter.  While it is acknowledged that the representation of a group of eighteen (18) separate individual Plaintiffs can be difficult, the fact is that their counsel spoke with them and assented to the terms of the agreement.  Should there now be a problem with the acceptability of those terms, the problem is between the Plaintiffs and their counsel, not the Plaintiffs and the Defendant. A party to a settlement agreement cannot avoid settlement merely because he subsequently believes the settlement is insufficient.  Glass v. Rock Island Refining Corp. 788 F.2d 450, 454 (7th Cir. 1986).

Further, the parties recorded the terms of their agreement in writing as evidenced by Exhibit "B" and in good faith reliance on this agreement, the Council adopted the agreement at its October 9, 2007 meeting and further gave second and third (final) reading and approved a re-districting ordinance as agreed. Thus, even though the settlement agreement remains unsigned, the Council's performance of the terms of its agreement indicate that a meeting of the minds occurred and a

binding contract was created.

The Plaintiffs may argue that there were additional discussions after August 24, 2007 between members of the Plaintiff and the Council regarding a Consent Decree with different terms. However, these discussions were mere negotiations and never rose above that status. More importantly, there was no agreement between the individual Plaintiffs and the Council members regarding these negotiations. The terms of the agreement of August 24, 2007 remain the only terms to which Plaintiffs and their counsel and Defendant its counsel consented.

### III.  CONCLUSION

The Defendant respectfully requests that the Court enter an Order enforcing the terms of the agreement and dismissing this cause of action as moot since the relief sought by the Complaint has been achieved.

Respectfully submitted,

s/s  Jerry L. Ulrich_____
JERRY L. ULRICH
ULRICH & VIDRA, LLC
115 East Spring Street
Suite 100 Elsby Building
New Albany, Indiana  47150
 (812) 945-2800
Indiana Supreme Court #924-22
Counsel for Defendant

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Motion was filed electronically with copies forwarded to Counsel by the Court's electronic filing system and by mailing a copy thereof to their Counsel of record, Mr. Stephen J. Beardsley, 227 Pearl Street, New Albany, IN  47150 by first-class mail with postage pre-paid this 12th day of November, 2007.

s/s  Jerry L. Ulrich
JERRY L. ULRICH